IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

DEBORAH MOSHOLDER,                )
                                  )
        Plaintiff,                )      2:15-CV-01002-DWA
                                  )
    vs.                           )
                                  )
CAROLYN W. COLVIN, ACTING         )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
        Defendant.

AMBROSE, United States Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

### I.  **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she had been disabled since February 6, 2010. (ECF No. 8-5, p. 2). Administrative Law Judge ("ALJ"), Joanna Papazekos, held a hearing on December 8, 2011. (ECF No. 8-2, pp. 28-59). On December 29, 2011, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 11-23). Plaintiff filed a civil action in this Court and on August 20, 2014, this Court issued an opinion and order vacating the decision of the Commissioner and remanded for further administrative proceedings. See, Docket No. 13-CV-503, ECF No. 15.

A new hearing was held on March 5, 2015, before ALJ William J. Bezego. (ECF No. 8-

25, pp. 24-45). On April 10, 2015, the ALJ found Plaintiff was not disabled. (ECF No. 8-25, pp. 5-16). After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 12 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. **Whether the Decision of the ALJ Conflicts with the Opinion of this Court dated August 20, 2014.**

Plaintiff argues that the ALJ's decision to deny benefits conflicts with this Court's opinion of August 20, 2014. (ECF No. 13, pp. 7-10). Specifically, Plaintiff asserts that the Opinion of August 20, 2014, states that SSI benefits would have been appropriate if the opinion of Dr. Sinu was legible and shown to be after 2010. *Id.* To that end, Plaintiff suggests that the date of Dr. Sinu's opinion was May 24, 2011, and, in addition, Dr. Sinu has filed an additional medical opinion dated 2014 supporting her claim. *Id.* As such, Plaintiff concludes that the decision of the ALJ impermissibly conflicts with the Opinion of August 20, 2014. *Id.* Thus, Plaintiff maintains that a reversal with an award of SSI benefits is warranted. *Id.* After a review of the record, I disagree.

The prior decision of this Court, dated August 20, 2014, was a review of ALJ Papazekos' opinion dated December 29, 2011. *See,* Docket No. 13-cv-503, ECF No. 15. Therein, Judge Cercone very clearly and appropriately concludes that "the case will be remanded for further consideration of that application. **No opinion is expressed as to whether benefits should ultimately be awarded in this case.** In any event, the Commissioner must 'reopen and fully develop the record' before determining whether Mosholder is 'disabled.'" *Id.*, at pp. 17-18, *citing, Thomas v. Comm'r of Soc. Sec.,* 625 F.3d 798, 800 (3d Cir. 2010)(emphasis added). Judge Cercone then explains the reason that no opinion is expressed as to whether benefits should ultimately be awarded when he further states "[t]he issues on remand are not necessarily limited to those raised by Mosholder at this stage and addressed in this decision." *Id.*, at p. 18.

Contrary to Plaintiff's position, the new ALJ on remand was required to take new evidence and review all evidence *de novo*. While Judge Cercone indicated in the August 20, 2014 order that "[i]f it were clear that the reports prepared by Dr. Olfman and Dr. Sinu were both relevant to the period of time in question, an award of benefits would be justified," this was purely *dicta* and nonbinding. Docket No. 13-cv-503, ECF No. 15, p. 16. Judge Cercone recognized as much in his conclusion wherein he stated that he did not express any opinion as to whether benefits should be issued on remand. *Id.* at p. 17-18.

On remand, the new ALJ properly took new testimony from Plaintiff and a vocational expert, received new evidence, reexamined all of the evidence *de novo* and made new findings as it related to her application of 2010. (ECF No. 8-25, pp. 5-16). In doing so, the new ALJ was required to reweigh the opinions of Dr. Sinu and Dr. Olfman in accordance with the rules and regulations. The new ALJ did exactly that. *Id.* Thus, I find the new ALJ's decision of April 10, 2015, does not conflict with the August 20, 2014, opinion of this Court. Thus, reversal is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

DEBORAH MOSHOLDER,　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　　Plaintiff,　　　　　　　　）　　　2:15-CV-01002-DWA
　　　　　　　　　　　　　　　　　　）
　　vs.　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
CAROLYN W. COLVIN, ACTING　　　　　）
COMMISSIONER OF SOCIAL SECURITY,　）
　　　　　　　　　　　　　　　　　　）
　　　　　Defendant.

AMBROSE, United States Senior District Judge

# ORDER OF COURT

THEREFORE, this 9th day of August, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 12) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　s/ Donetta W. Ambrose
　　　　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　United States Senior District Judge